```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
M&T MORTGAGE CORPORATION,

                        Plaintiff,

            - v -

LEO WHITE, et al.,                                              CV-04-4775 (NGG)(VVP)

      Defendants/Third-Party Plaintiffs,

            - v -

BETTER HOMES DEPOT, INC., et al.,

      Third-Party Defendants.
------------------------------------------------------------x
LINDA COUNCIL, et al.

                        Plaintiffs,
            - v -                                               CV-04-5620 (NGG)(VVP)

BETTER HOMES DEPOT, INC., et al.,

                        Defendants.
------------------------------------------------------------x
```

Before the court are three motions to compel discovery in these two actions, which have been consolidated for purposes of discovery. The third-party plaintiff in CV-04-4775, Leo White, seeks to compel various third-party defendants to produce documents responsive to their requests. Madison Home Equities, Inc., a third-party defendant in CV-04-4775 and a defendant in CV-04-5620 has moved to compel the third-party plaintiff and plaintiffs in those respective actions to produce documents and authorizations. Except for Madison's opposition to the third-party plaintiff's motion, no opposition to any of the motions has been submitted by any party. The court rules on the motions below.

*Third-Party Plaintiff's Motion in CV-04-4775*

The third-party plaintiff Leo White has moved to compel various items of discovery from all of the defendants. As the requests tendered to each defendant were different, the motion is considered separately as to each of the defendants.

Madison Home Equities, Inc.

The third-party plaintiff's letter motion identifies broadly three categories of information which they seek to compel the third party defendants to provide, but does not itemize any particular requests or responses in dispute. Madison, the only third-party defendant to submit opposition to the third-party plaintiff's motion, analyzes in helpful detail the disputed items as far as they are able to ascertain them.[1] Upon review of the requests to Madison and the responses thereto, it appears that Madison's responses to document requests 1-4, 7, 10-12 and 18 are sufficient. As to requests 23-25, Madison's responses are made "on information and belief," which suggests that a full inquiry concerning the assertions so made has not been made. Accordingly, Madison is directed to conduct such inquiry and provide a supplemental response which unequivocally states whether responsive documents exist. As to requests 6, 8, 13, 15, and 20, the court agrees that the files identified by Judge Go in her discovery decision in the related case of *M&T Mortgage Corp. v. Miller, et al.*, 02 CV 5410, are an appropriate starting point for the production of documents relating to those requests. After reviewing those files, the third-

---

[1]Madison points out that the third-party plaintiff made no effort to discuss the disputed items of discovery, as required by Local Civil Rule 37.3(a), a contention corroborated by the absence of any certification in the moving papers that such discussions were held. Madison properly notes that the failure to comply with the Local Rule in this regard is a proper basis for denial of the third-party plaintiff's motion in its entirety. Because of the delays in the progress of the case to date, however, the court declines to do that, but cautions all parties that any further failure to attempt to resolve discovery disputes in accordance with the provisions of Local Civil Rule 37.3(a) will result in a denial of relief.

party plaintiff may present argument to justify enlarging the scope of files to be produced. As to requests 5, 9, and 16, since Madison has agreed to produce the documents requested no decision by the court is required. As to request 17, the defendant's objections are overruled and all documents responsive to this request shall be produced. As to requests 19 and 26, the defendant's objections are sustained. As to request 14, the court understands neither the request nor Madison's response to the request, and accordingly the court makes no decision concerning the request. There is no request 21. Production of the above documents and other information shall be made within 20 days.

Better Homes Depot, Inc.[2]

As to requests 1, 2, 4-6, 13-20, 22-25 and 28, the requests are limited to the files identified by Judge Go in her discovery decision in the related case of *M&T Mortgage Corp. v. Miller, et al.*, 02 CV 5410. As so limited, the defendant is hereby directed to produce all documents sought by those requests, other than those as to which a privilege is claimed, within 20 days. Any documents as to which a privilege is asserted must be listed on a privilege log that complies with Local Civil Rule 26.2, which log is to be served within 20 days. After reviewing those files, the third-party plaintiff may present argument to justify enlarging the scope of files to be produced in response to the requests. As to requests 3 and 9, the defendant shall produce all responsive documents within 20 days. As to request 27, the defendant is required to produce documents sufficient to establish the names and addresses of all employees of the defendant for the period requested within 20 days. As to requests 8, 10, 11, 33, and 35, the defendant's

---

[2]Although Better Homes Depot, Inc., Eric Fessler, Neal Sultzer and Ackerman Raphan & Sultzer, submitted no opposition to the third-party plaintiff's motion, they each submitted responses to the third-party plaintiff's requests and the court therefore rules on their objections to the requests.

relevance objections are sustained. As to requests 7, 12, 21, 26, 29-32, 34, and 36, the defendant's responses are sufficient.

### Eric Fessler

As to requests 1 and 4, the defendant's objections are sustained. As to requests 2 and 3, the defendant's responses are sufficient.

### Neal Sultzer

As to requests 1, 2, and 7, the defendant's objections are sustained. As to requests 3 and 5, the defendant's responses are sufficient. As to requests 6 and 8, the defendant shall produce the documents requested, but limited to the files identified by Judge Go in her discovery decision in the related case of *M&T Mortgage Corp. v. Miller, et al.*, 02 CV 5410. Privileged documents may be withheld but a privilege log must be provided. After reviewing those files, the third-party plaintiff may present argument to justify enlarging the scope of files to be produced. There is no request 4. Production of the above documents and other information shall be made within 20 days.

### Ackerman Raphan & Sultzer

As to requests 1, 2, and 6-10, the requests are limited to the files identified by Judge Go in her discovery decision in the related case of *M&T Mortgage Corp. v. Miller, et al.*, 02 CV 5410. As so limited, the defendant is hereby directed to produce all documents sought by those requests, other than those as to which a privilege is claimed, within 20 days. Any documents as to which a privilege is asserted must be listed on a privilege log that complies with Local Civil Rule 26.2, which log is to be served within 20 days. After reviewing those files, the third-party plaintiff may present argument to justify enlarging the scope of files to be produced in response to

the requests.  As to requests 4 and 13, the defendant's objections are sustained.  As to requests 3, 5, 11, and 12, the defendant's responses are sufficient.

<u>Gail Zucker, Paragon Abstract, CLA Appraisals, Christopher Liano, Robert Dosch, and the Department of Housing and Urban Development (HUD)</u>

The remaining third-party defendants failed to respond in writing, or to produce any documents in response, to the third-party plaintiff's requests.  As the time for responding to the requests has long since expired, they have waived their objections to those requests.  *E.g., Eldaghar v. City of New York Dept. of Citywide Administrative Services*, No. 02Civ. 9151, 2003 WL 22455224, *1 (S.D.N.Y. Oct. 28, 2003) (citing cases); *Carr v. Queens-Long Island Medical Group, P.C.*, Nos. 99 Civ. 3706, 02Civ. 1676, 2003 WL 169793, *5 (S.D.N.Y. Jan. 24, 2003).  Accordingly, the following defendants are hereby ordered to provide written responses to the third-party plaintiff's requests, and to produce all documents responsive to those requests, within 20 days: Gail Zucker, Paragon Abstract, CLA Appraisals, Christopher Liano, Robert Dosch, and the Department of Housing and Urban Development (HUD).

*Defendant Madison's Motion in CV-04-4775*

The defendant Madison seeks to compel the third-party plaintiff Leo White to produce various categories of documents relating to his financial situation, to support the theory that he had the financial sophistication and ability to pay the subject mortgage loan when it was originated, and that the cause for his later default stemmed from factors unrelated to any alleged fraud.  These theories of relevance support most of the requests for which Madison has sought judicial intervention, although some are overbroad with respect to the time frame for which documents are requested.  As to requests 7, 8, 15 and 16, White shall produce the requested documents for the period from one year prior to the initial closing to the date of his bankruptcy

petition (hereinafter "the relevant period"), except that as to 15 the authorizations may be limited to wage and attendance information. As to requests 6, 9, and 10, Madison has not yet established the heightened showing of need for obtaining tax returns, and the motion to compel is therefore denied as to those requests without prejudice to renewal if the production of other financial information proves insufficient. White's response to request 14 is sufficient. As to requests 17-23, and 26, White shall produce the requested documents and other information, but limited to the relevant period. As to requests 33-35 and 37-41, White shall produce the documents requested. As to request 36, White shall identify responsive documents in a privilege log that complies with Local Civil Rule 26.3. Although documents relating to attorneys' fees are typically not protected by the attorney-client privilege, if Madison wishes to challenge the assertion of privilege it must raise the issue by letter motion after the log has been prepared. Production of the above documents and other information shall be made within 20 days.

*Defendant Madison's Motion in CV-04- 5620*

As with the third-party plaintiff Leo White, the defendant Madison seeks to compel the Council plaintiffs to produce various categories of documents relating to their financial situation on the same theories of relevance. As with White, the theories of relevance advanced by Madison support most of the requests for which Madison has sought judicial intervention, although some are overbroad with respect to the time frame for which documents are requested. As to request 1, the plaintiffs' objections are overruled and they are directed to provide the requested information. As to requests 6, 9, 10, 11, 14, and 15, Madison has not yet established the heightened showing of need for obtaining tax returns, and the motion to compel is therefore denied as to those requests without prejudice to renewal if the production of other financial information proves insufficient. As to requests 7, 8, 12, and 13, the plaintiffs shall provide the

requested information but limited to the period from one year prior to the initial closing of the subject mortgage loan through the date of the bankruptcy petition (hereinafter "the relevant period"). As to requests 19-24, the plaintiffs shall supply the requested information and documents, again limited to the relevant period. As to requests 20 and 22-24, the authorizations may be limited to wage and attendance records. As to requests 25-31, 35-40, and 55, the plaintiffs shall supply the requested information and documents, limited to the relevant period.[3] As to requests 53 and 59, the plaintiffs shall supply the requested authorizations. The plaintiffs' objections to requests 34, 45-46, 56-58, and 60-63 are sustained. As to requests 50-52, and 54, the plaintiffs' responses are sufficient. Production of the above documents and other information shall be made within 20 days.

                **SO ORDERED:**
                *Viktor V. Pohorelsky*
                VIKTOR V. POHORELSKY
                United States Magistrate Judge

Dated: Brooklyn, New York
     November 1, 2005

---

[3] For those requests such as request 25 where Madison has requested documents for a period commencing less than one year prior to the initial closing, the "relevant period" is similarly shortened.