```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
M&T MORTGAGE CORPORATION,

                        Plaintiff,

        - v -

LEO WHITE, et al.,                                          CV-04-4775 (NGG)(VVP)

        Defendants/Third-Party Plaintiffs,

        - v -

BETTER HOMES DEPOT, INC., et al.,

        Third-Party Defendants.
-------------------------------------------------------------x
LINDA COUNCIL, et al.,
                        Plaintiffs,

        - v -                                               CV-04-5620 (NGG)(VVP)

BETTER HOMES DEPOT, INC., et al.,

                        Defendants.
-------------------------------------------------------------x
```

The third-party plaintiffs in CV-04-4775 and the plaintiffs in CV-04-5620 (hereinafter "the plaintiffs") have moved for reconsideration of the court's ruling requiring them to pay the reasonable attorneys' fees and expenses incurred by the defendant Paragon Abstract, Inc. in opposing their motion for sanctions. Although the plaintiffs have made additional arguments not made at the conference where the ruling was issued, those arguments do not warrant reversal of the ruling and the court's further review of the matter strengthens rather than diminishes the court's belief that an award is justified.

The court's award of fees relates to a motion for sanctions brought by the plaintiffs based on an assertion that the witness designated by Paragon in response to a Rule 30(b)(6) notice of deposition, Paragon's president David Schiffman, was not sufficiently knowledgeable about the

matters identified in the notice of deposition. The issue was first brought to the court's attention at a conference on June 29, 2006. That was also the first time Paragon was aware of the plaintiffs' intention to raise the issue.[1] Because it had not been previously discussed between counsel, as required by Local Civil Rule 37.3(a), the court deferred any discussion of the issue at the conference. The court did, however, make some observations about the obligations of a party producing a Rule 30(b)(6) witness. The court also gave instructions for how any motion concerning the issue should be presented, requiring that both the notice of deposition and the transcript of the deposition be submitted to enable to the court to determine whether the witness was reasonably knowledgeable about the matters specified in the notice. The court also made clear, however, that no motion was to be made until after the parties had discussed the matter with a view to resolving the dispute concerning the sufficiency of the testimony given by the witness. See June 29, 2006 Tr., pp 26-31 (found at docket entry 118 in CV-04-4775).

Notwithstanding that direction, the plaintiffs' counsel never engaged in a serious discussion with counsel for Paragon about the issue. Rather, in a brief conversation immediately after the conference, instigated not by the plaintiffs' counsel but by Paragon's counsel, the plaintiffs' counsel simply demanded that Paragon reimburse the plaintiffs for their attorneys' fees and expenses in conducting the deposition. In response Paragon's counsel, who was not the attorney who handled the deposition on behalf of Paragon, asked for a copy of the transcript of

---

[1] Toward the end of the transcript of the deposition of the Paragon witness, David Schiffman, the plaintiffs' counsel expressed some dissatisfaction about the witness' lack of knowledge about some details and suggested that a motion would "probably" be made "[b]ut that will become the subject of separate communications." See Schiffman Dep. Tr. at 165 (found at docket entry 126, attachment 2, in CV-04-4775). Those communications between counsel for the plaintiffs and counsel for Paragon obviously did not occur before the subject was raised at the June 29 conference.

the deposition so that he could assess the basis for the plaintiffs' demand. Rosado Aff't, ¶ 4 (found at docket entry 135, attachment 1, in CV-04-4775).

The plaintiffs' counsel never forwarded a copy of the transcript to Paragon's counsel. Nor did the plaintiffs' counsel seek to discuss the matter by telephone with Paragon's counsel until almost two months later in late August when he left a voicemail message with Paragon's counsel while counsel was away on vacation. The message did not seek to address the issues concerning the adequacy of the testimony given by Schiffman. It was simply again a demand for money. *Id*. ¶ 6. Paragon's counsel promptly responded to the message by letter reminding the plaintiffs' counsel that, although a transcript had still not been provided, it was counsel's recollection that Schiffman had answered a number of questions about matters relating to Paragon's activities at the deposition. Based on that recollection, Paragon's counsel declined to reimburse plaintiffs for their attorneys fees, but closed the letter by offering to produce another witness who might have some knowledge about matters the plaintiffs wished to pursue and inviting the plaintiffs' counsel to advise Paragon's counsel if they wished to depose the witness. See Letter, Aug. 29, 2006 (found at docket entry 127, attachment 1, in CV-04-4775).

Again, the plaintiffs' counsel failed to engage in a discussion about the matter. Instead, they chose to make the motion that gave rise to the court's ruling awarding fees to Paragon. There were two principal bases for the court's ruling. First and foremost, despite the court's direction and the clear command of Local Civil Rule 37.3(a), the plaintiffs had made no good faith effort to resolve the dispute with their adversary before making the motion. A demand that one's adversary pay attorneys fees is *not* good faith discussion, particularly in view of the undisputed fact that the plaintiffs' counsel never provided their adversary with a copy of the

deposition transcript to support their demand. At a minimum, the plaintiffs' counsel should have provided the transcript and sought to engage in a discussion with opposing counsel to demonstrate how the witness was unprepared and lacked knowledge of specific areas of inquiry that had been designated in the Rule 30(b)(6) notice.

The second reason for the court's ruling was that the witness produced by Paragon was an entirely appropriate witness given the vagueness of the Rule 30(b)(6) notice served by the plaintiffs. The notice sought "a person . . . with knowledge of the business practices of Paragon Abstract, Inc. and the facts at issue herein during the period January 1, 1999 through May 25, 2000." It thus designated two very broad areas of inquiry: the business practices of Paragon and "the facts at issue herein." The latter designation is completely ineffective in describing what a witness is to be prepared to answer because it presumes that Paragon will be able to divine what facts the plaintiffs' counsel believes are at issue, a task made especially difficult here because of the paucity of allegations concerning Paragon's conduct found in the complaints.[2] Paragon therefore cannot be faulted for the witness' inability to answer any questions that may have fallen within that category of information.

As to the former area of inquiry, the court's review of Schiffman's testimony discloses that he answered a number of questions about the business practices of Paragon. Indeed, according to the times noted by the court reporter, he was questioned for over three hours.[3] The questions he was unable to answer tended to seek specific information about how closings

---

[2]Paragon is mentioned in but 4 of the more than 150 paragraphs in each of the plaintiffs' complaints.

[3]According to the transcript of Schiffman's deposition, which numbered 165 pages, testimony commenced at 10:25 a.m., adjourned for lunch at 12:47 p.m., resumed at 1:40 p.m., and concluded at 2:37 p.m.

involving Better Homes Depot or Madison Home Equities were handled or details such as the name of the payee to which the mortgage recording tax was submitted.  But any expectation that the witness was supposed to have that sort of detailed knowledge was in no way clear from the notice.  Moreover, according to the testimony given by Schiffman the person with the most knowledge about those matters is another defendant, Gail Zucker, since she apparently served as the title closer for all of those transactions.  Had the notice been properly detailed in explaining the subjects about which the plaintiffs' counsel wished to ask questions, Paragon would have been able to disclose that fact to the plaintiffs' counsel and perhaps obviate the need for an appearance by Schiffman entirely.  As it happened, because of the vagueness of the notice, not only Schiffman, but a number of other parties may have wasted their time sitting through a deposition that was unnecessary.  That was the plaintiffs' fault, not Paragon's.

The court thus has concluded that the plaintiffs' motion sought sanctions without any basis, and did so without any good faith effort to resolve the dispute.  In the process the plaintiffs have required a party with at most a marginal involvement in the dispute to incur substantial legal fees defending a motion that should not have been brought.  The court is aware of the difficulties that the plaintiffs have encountered obtaining discovery from some of the parties in this litigation, but there is nothing in the record to demonstrate that Paragon is among that group.  Indeed, from the record before the court Paragon has sought to make clear its willingness to discuss discovery issues with the plaintiffs' counsel and to provide information it may possess once it knows what the plaintiffs are seeking.

Rule 37(a)(4)(B) requires cost shifting "unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses

unjust." Given the facts above the court is virtually compelled to find that the motion was unjustified, both because it was without a substantial basis and because no good faith effort was made to resolve the dispute without judicial intervention. The absence of a good faith effort to resolve the matter also undercuts any argument that such an award would be unjust. The court is aware, as the plaintiffs' counsel point out, that they are serving their clients in this matter without payment of fees or reimbursement of expenses unless they prevail. The court is also aware that one of the plaintiffs' counsel, Brooklyn Legal Services Corp. "A", is a not-for-profit provider of legal services to the disadvantaged, and thus provides a valuable service to the community. Those factors cannot, however, serve as a license to impose substantial costs on other parties without justification. Moreover, the plaintiffs (and therefore their counsel) will receive an award of all of their reasonable expenses, including attorneys fees, if they prevail in this action. Paragon, on the other hand, will bear all of their own expenses, including their attorneys fees, even if they prevail.

The plaintiffs' counsel also point out what they perceive to be dissimilarities between the way they were treated in connection with the motions that were decided at the last conference, and the way their opposing counsel were treated. Specifically they point out that no cost-shifting was awarded in connection with the motion made by defendant Ackerman Raphan & Sultzer, which was denied in part and deferred in part, and the motion made by the plaintiffs against Eric Fessler, which was granted in its entirety. As to the protective order motion by Ackerman Raphan & Sultzer, the court is unaware of any provision under which an award of fees could have been made. No provision of Rule 37 appears to apply, and the court cannot find that the much higher standards for fee shifting set forth in 28 U.S.C. § 1927 have been met, particularly

since the court's ruling recognized that there may be a basis for precluding or limiting the deposition of Mr. Ackerman.

As to the motion made by the plaintiffs concerning the failure of Eric Fessler to respond to their third set of document requests, several considerations informed the court's decision not to award fees. First, there was some question whether counsel for Fessler received the requests in August, when they were apparently served by the plaintiffs. As a result the plaintiffs provided another copy to Fessler's counsel on September 7, 2006, when the matter was brought to counsel's attention, and Fessler provided written responses within twenty days thereafter on September 27, 2006. Nevertheless, because the responses were served after the plaintiffs' motion was made and after the plaintiffs had made an unsuccessful effort to obtain a firm commitment from Fessler's counsel about when the responses would be served, the court found an appropriate basis to impose sanctions on Fessler in the form of an order which essentially struck all objections to the plaintiffs' discovery requests and required Better Homes Depot to produce all documents and information sought by the plaintiffs' requests. In light of that sanction, which will impose substantial cost and burden on Fessler, and the fact that the plaintiffs will obtain their attorneys' fees if they prevail in this action, a further award of fees in the circumstances appeared to the court to be out of proportion to the discovery transgression committed by Fessler.

The court therefore finds no basis for reconsidering the ruling awarding attorneys fees to Paragon for its unnecessary expenditures in resisting the plaintiffs' motion for sanctions. What remains is an assessment of the amount of fees to be awarded. Paragon seeks an award of $4,056.25, consisting of 7.25 hours for its opposition to the motion for sanctions, and another 7

hours for its opposition to the motion for reconsideration, all charged at the rate of $275 per hour. Paragon's counsel has submitted time records which adequately describe the tasks undertaken and the rate charged. Although the rate charged is entirely consistent with fees charged in this area and the amount of time is not exorbitant, the court concludes that five hours per submission is the reasonable time for which an award should be made. Accordingly, Paragon is awarded a total of $2,750 for ten hours of fees, to be paid by the plaintiffs' counsel.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
October 16, 2006