UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
M&T MORTGAGE CORPORATION,

                       Plaintiff,

      - v -

LEO WHITE, et al.,
                                                                    CV-04-4775 (NGG)(VVP)

                     Defendants,
        and

LEO WHITE,
                Third-Party Plaintiff,
      - v -

BETTER HOMES DEPOT, INC., et al.,

                Third-Party Defendants.
-------------------------------------------------------------x
LINDA COUNCIL, et al.,
                Plaintiffs,
      - v -                                CV-04-5620 (NGG)(VVP)

BETTER HOMES DEPOT, INC., et al.,

                Defendants.
-------------------------------------------------------------x

## **DECISION AND ORDER**

Leo White, together with Linda and Kimberly Council (hereinafter the "plaintiffs"), seek sanctions against Better Homes Depot, Inc. and Eric Fessler (hereinafter the "defendants") in both of these actions for spoliation of evidence. They argue that sanctions are warranted because the defendants acknowledge destroying documents in their possession concerning the claims the plaintiffs have made in these cases despite being aware of the significance of the documents to pending litigations. The documents destroyed by the defendants include documents this court ordered the defendants to produce relating to approximately 165 real estate transactions

involving the defendants during the period from January 1, 1999 through May 31, 2000. *See* Order, Nov. 1, 2005.[1]

The plaintiffs' motion is substantially identical to a motion that sought the same relief against these defendants in a related case, *M & T Mortgage Corp. v. Cedric Miller, et al.*, Dkt. No. 02 CV 5410 (NG)(MDG).[2] With one minor exception addressed briefly below, both the factual and the legal bases for the plaintiffs' motion here are identical to those in the *Miller* action, and the legal arguments made by the respective parties are virtually identical as well. Judge Go's thorough and thoughtful opinion deciding the motion in the *Miller* action fully addressed the arguments, and the court therefore adopts the reasoning of her opinion in deciding the motion before me.

The one additional argument made by the defendants here concerns their purported unawareness of the significance of the documents they destroyed. As Judge Go found, the defendants' awareness of the significance of the documents in question, and therefore their obligation to preserve them, dates back to at least June 1999 when the New York City Department of Consumer Affairs (the "DCA") brought an action against the defendant Better Homes asserting claims strikingly similar to those made by the plaintiffs here, including

---

[1] The transactions for which documents were to be produced were a subset of the transactions listed on a Schedule A that had been appended to the plaintiffs' document requests in these actions. *See* Defendant/Third-Party Plaintiff's First Set of Doc. Req., Schedule A, annexed as Ex. G to Plaintiff's Notice of Motion, Feb. 2, 2007. In dealing with the various motions to compel discovery that were addressed in the court's order of November 1, 2005, this court adopted the same limitations on the transactions for which documents were to be produced as Judge Go had set in a related action, *M & T Mortgage Corp. v. Cedric Miller, et al.*, Dkt. No. 02 CV 5410 (NG)(MDG).

[2] The third-party plaintiffs in the *Miller* action assert essentially the same claims against the defendants as the plaintiffs have asserted here, and are represented by the same counsel. The defendants are also represented by the same counsel as in *Miller*.

allegations that Better Homes was guilty of repeated deceptive practices in the sale of homes to numerous homebuyers. *See Polonetsky v. Better Homes Depot*, 185 Misc. 2d 282 (Sup. Ct. N.Y. Cty. 1999). In the briefing of the motion in the *Miller* action, Better Homes claims to have learned for the first time that a subpoena was served on Better Homes in August 2000 seeking among other things the same documents whose destruction underlies the plaintiffs' motion. Recognizing that the service of that subpoena eviscerates any argument that they were unaware they needed to preserve the documents, the defendants now state they have no recollection that the subpoena was ever served on them.

Their argument is utterly belied by the record. The plaintiffs have produced to the court an affidavit filed by Better Homes' attorney in the *Polonetsky* litigation in support of a motion to stay discovery in that action. The precipitating event for the motion was the service of the subpoena the defendants now contend they knew nothing about. In the affidavit, sworn to on September 15, 2000, the defendants' attorney in the *Polonetsky* litigation advised the court that the subpoena had been served on the defendant Eric Fessler, and that it sought Fessler's deposition and a wide array of Better Homes documents, including the documents that underlie the motion here. Even if, as Fessler now seems to assert, the defendants' attorney in the *Polonetsky* litigation accepted service of the subpoena on Fessler's behalf, it is inconceivable to the court that the attorney would not have advised Fessler of the subpoena, discussed its significance with him, and sought his approval before making the motion for a protective order. Not surprisingly, the defendants here have not offered an affidavit from their attorney in the *Polonetsky* litigation to support their belated claims of unawareness of the subpoena.

In any event, the defendants' awareness of the need to preserve the documents in question does not stem from the service of the subpoena, but rather from the commencement of the *Polonetsky* litigation more than a year earlier in June 1999. Given the claims made in that litigation, the defendants knew or should have known of their obligation to preserve the documents in question. The court is thus unpersuaded that the defendants' claimed unawareness of the subpoena, even if believed, should affect the court's decision on this motion.

Accordingly, for the reasons set forth in Judge Go's opinion, this court finds that sanctions against the defendants for spoliation of evidence are warranted. The court also agrees that the sanctions fashioned by Judge Go are appropriate, because they are carefully calibrated to alleviate the prejudice the plaintiffs have thus far demonstrated they have suffered because of the destruction of the documents at issue. It is therefore ordered,

1) that the defendants Better Homes Depot, Inc. and Eric Fessler are hereafter precluded from offering, at trial or in connection with any other proceeding in these actions, any documentary evidence concerning the sales of the properties identified on Schedule A of the Defendant/Third Party Plaintiff's First Set of Document Requests to Third-Party Defendant Better Homes Depot, Inc. with a Date of Sale during the period from January 1, 1999 through May 31, 2000 (hereafter the "Limited Schedule A") which are not contained in documents that they previously produced and which were covered by the plaintiffs' discovery requests to them, including without limitation documents not previously produced concerning repairs, contractors hired, contracts made, work performed,

applications filed, building permits obtained and expenses incurred, whether or not Fessler has give testimony about any such documents; and

2)     that should there be a trial in either of these actions the jury be given, in substance, the following adverse inference instruction:

> The defendants Better Homes Depot, Inc. and Eric Fessler have admitted that they failed to produce or intentionally destroyed documents concerning the sale and repair of various properties which they were obligated to retain and provide to the court in this litigation. You may presume that the documents destroyed or not produced would have been important to the plaintiffs in proving whether promised repairs had been made at all and the extent of the repairs. You may infer from these circumstances and the evidence presented that Better Homes Depot, Inc. and Eric Fessler made no or minimal repairs to some or all of these properties before they were sold by Better Homes Depot, Inc. You may make these inferences against Better Homes Depot, Inc. and Eric Fessler notwithstanding any other evidence that another party may have produced regarding repairs.

The adverse inference instruction does not prohibit the plaintiffs from offering evidence at trial concerning the existence and destruction of the documents in question. As Judge Go noted in her opinion, these sanctions are intended to redress prejudice flowing from the destruction of documents concerning the value of, and repairs made to, the properties identified in the Limited Schedule A which the plaintiffs have demonstrated were in the "custody, possession or control" of the defendants. Should the plaintiffs hereafter obtain evidence that other types of documents in the possession of the defendants were destroyed, they may seek

additional appropriate sanctions to alleviate the prejudice they have suffered by virtue of their destruction.

>                                SO ORDERED:
>
>                                _Viktor V. Pohorelsky_
>                                VIKTOR V. POHORELSKY
>                                United States Magistrate Judge

Dated: Brooklyn, New York
       September 28, 2007