UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
M&T MORTGAGE CORPORATION,

       Plaintiff,

 - v -

LEO WHITE, et al.,
                  CV-04-4775 (NGG)(VVP)
       Defendants,
  and

LEO WHITE,
      Third-Party Plaintiff,
 - v -

BETTER HOMES DEPOT, INC., et al.,

      Third-Party Defendants.
-------------------------------------------------------------x
LINDA COUNCIL, et al.,
      Plaintiffs,
 - v -           CV-04-5620 (NGG)(VVP)

BETTER HOMES DEPOT, INC., et al.,

      Defendants.
-------------------------------------------------------------x

## DECISION AND ORDER

   Leo White, the third-party plaintiff in CV-04-4775, and Linda and Kimberly Council, the plaintiffs in CV-04-5620 (collectively hereinafter the "plaintiffs") have moved for an order deeming admitted various matters contained in their Request for Admissions by the defendants Better Homes Depot, Inc. and Eric Fessler (the "Better Homes defendants" or "the defendants") because of the defendants' inadequate responses to the requests. The court has considered the opposition served by the Better Homes defendants and heard oral argument on the motion as well. The rulings are set forth below.

*Requests 1 and 2*: The qualifications listed by the Better Homes defendants in their responses to these requests are stricken. The court has reviewed New York City's Automated City Register Information System (ACRIS), which enables retrieval of documents filed and recorded with the New York City Register since January 1, 1966. As ACRIS contains exact images of documents filed with the City, including deeds reflecting transfer of title to the Better Homes complete with Reel and Page numbers, the defendants may not assert any objections based on concerns about the authenticity or integrity of the records displayed in ACRIS unless they can identify with specificity a reason for questioning the authenticity or integrity of a given deed or other recorded document in the system. Notwithstanding the contention of the Better Homes defendants that they no longer have the files relating to the transactions in question, Better Homes is the entity involved in the transactions that are the subject of these requests and should therefore have the knowledge or means to ascertain the accuracy of the information. The defendants have 30 days in which to prepare amended responses to identify any properties as to which they can identify a specific reason for questioning the authenticity or integrity of the ACRIS record. Except for any properties identified in an amended response, the defendants' admissions are without qualification. This ruling does not affect the defendants' responses with respect to property numbers 25, 86, 112, 114 and 142 which are sufficient. Nor does this ruling bar any future objection or motion as to the relevance of the admissions.

*Requests 3 and 4*: The qualifications listed by the Better Homes defendants in their responses to these requests are stricken. The qualifications are not responsive to the requests, which solely seek affirmations or denials about whether records exist in the publicly available database maintained by the New York City Department of Buildings; they do not seek

explanations for why records may not exist. The matters admitted by the defendants are therefore deemed admitted without qualification. This ruling does not affect the defendants' responses with respect to property numbers 25 and 86 which are sufficient. Nor does this ruling bar any future objection or motion as to the relevance of the admissions, or that genuine issues for trial remain with respect to the information admitted.

*Requests 5 through 9*: The responses provided by the Better Homes defendants are flawed in two respects. First, insofar as the defendants seek to avoid directly responding because of "the absence of records from which the information could be obtained," they may not do so because they have failed to state, and indeed cannot state, that they have "made reasonable inquiry and that the information known or readily obtainable by the [defendants] is insufficient to enable the [defendants] to admit or deny." Fed. R. Civ. P. 36(a). The defendants have taken the position that any building permits or other filings with the Department of Buildings would have been handled by the contractors hired to do the required work or perhaps their attorneys. The defendants must therefore make inquiry of their contractors and attorneys to locate records which will permit the defendants to respond in whole or in part to the requests.

Second, the qualifications listed by the defendants in their responses to these requests are not responsive to the requests. Whether an application for a permit or certificate of occupancy is required is a different matter from whether an application was made, and from whether BIS records reflect the filing of any applications and the issuance of any permits and certificates. The qualifications are therefore stricken, but without prejudice to any future objections or motions based on the lack of relevance of the admissions, or that genuine issues for trial remain with respect to the information admitted.

The defendants are afforded 30 days to conduct inquiries and to serve amended responses to the requests. Such amended responses shall provide the names, addresses, and telephone numbers of all contractors or other agents to whom inquiries were directed and whose records were reviewed. If amended responses are not served, or if the amended responses are insufficient, the matters in the requests will be deemed admitted.

*Requests 10, 12, 13, and 17*: Again, the responses to these requests are flawed because of the defendants' improper reliance on the absence of records as a basis for being unable to admit or deny the matters addressed by the requests, and because of the assertion of improper qualifications. These requests are directed at events involving the business of Better Homes that the Better Homes defendants should be able to admit or deny based on actual personal knowledge or on the review of available documents. The defendants did not, for instance, consult the records of their attorneys, who handled most if not all of the transactions covered by the requests, as they were required to do by Rule 36(a). The qualifications listed by the defendants in their responses to these requests are not responsive to the requests; they address extraneous matters which may be the subject of proof at trial but which are not appropriate for inclusion in the responses.

Accordingly, the Better Homes defendants' responses are stricken in their entirety but the defendants have 30 days to serve amended responses that comply with Rule 36 after reviewing the records of their attorneys and any other reasonably available documents. Any such amended responses shall identify the records reviewed, as well as the sources of the records. The amended responses shall not include any of the "qualifications" asserted in the stricken responses. If amended responses are not served, or if the amended responses are insufficient, the

matters in the requests will be deemed admitted.  This ruling does not bar any future objections or motions based on the lack of relevance of the admissions, or that genuine issues for trial remain with respect to the information admitted.

*Requests 11, 14, 15, and 16*:   The qualifications listed by the defendants in their responses to these requests are stricken.  The qualifications are not responsive to the requests which solely seek affirmations or denials about whether records exist in ACRIS; they do not seek explanations for why records may not exist.  The matters admitted by the defendants are therefore deemed admitted without qualification.  This ruling does not affect the defendants' various responses with respect to property numbers 24 and 51 which are sufficient.  Nor does this ruling bar any future objection or motion as to the relevance of the information, or that genuine issues for trial remain with respect to the information.

        **SO ORDERED:**

        *Viktor V. Pohorelsky*
        VIKTOR V. POHORELSKY
        United States Magistrate Judge

Dated: Brooklyn, New York
       November 29, 2007