UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
M&T MORTGAGE CORPORATION,

       Plaintiff,

 - v -

LEO WHITE, et al.,                CV-04-4775 (NGG)(VVP)

     Defendants,
  and

LEO WHITE,
   Third-Party Plaintiff,
 - v -                  **ORDER**

BETTER HOMES DEPOT, INC., et al.,

   Third-Party Defendants.
----------------------------------------------------------------x
LINDA COUNCIL, et al.,
   Plaintiffs,
 - v -                 CV-04-5620 (NGG)(VVP)

BETTER HOMES DEPOT, INC., et al.,

   Defendants.
----------------------------------------------------------------x

   Leo White, the third-party plaintiff in CV-04-4775, and Linda and Kimberly Council, the plaintiffs in CV-04-5620 (collectively "the plaintiffs"), have moved for an order deeming admitted certain facts that were the subject of Requests for Admissions served on the defendant Better Homes Depot, Inc. ("Better Homes").[1] The Requests have been the subject of prior rulings by the court, familiarity with which is assumed.[2] As a result of the court's Decision and

---

[1] The plaintiffs have also moved for spoliation sanctions against the defendants Ackerman Raphan & Sultzer and Neil Sultzer, with whom they have now reached a settlement. That motion will be addressed in a separate order.

[2] The Requests were the subject of a motion for a protective order which was denied by order dated May 18, 2007. The plaintiffs then sought sanctions based on the insufficiency of the responses to the Requests served by Better Homes Depot, which were granted in part and denied in part by order dated November 29, 2007. That order also provided Better Homes Depot with leave to amend certain responses to the Requests, giving rise to the instant motion.

Order of November 29, 2007, Better Homes was given leave to amend their responses to Requests 1, 2, 5 through 9, 10, 12, 13, and 17. The admissions sought by those requests are the subject of the instant motion.

Better Homes served amended responses that addressed Requests 10, 12, 13, and 17, but has made no further response with respect to Requests 1, 2, and 5 through 9. Accordingly, as indicated in the November 29, 2007 Decision and Order, Requests 1 and 2 are now deemed admitted without qualification except with respect to property numbers 25, 86, 112, 114, and 142, and Requests 5 through 9 are deemed admitted without qualification in their entirety.

As to Requests 10, 12, 13, and 17, the amended responses served by Better Homes specifies the inquiries undertaken in an effort to satisfy that defendant's Rule 36 obligations. Those inquiries consisted of a request to review the files of its attorneys, Ackerman, Raphan & Sultzer, and a review of New York City's Automated City Register Information System ("ACRIS"). The review of their attorneys' files consisted of reviewing documents related to only three properties. No information was provided concerning what the review of ACRIS entailed.

The court concludes that the efforts identified by Better Homes are feeble and insufficient to discharge its obligations to make reasonable inquiry before asserting that it cannot admit or deny the requests. *See* Fed. R. Civ. P. 36(a)(4). Other records were available for review, and other inquiries could have been made, once Better Homes was unable to obtain any meaningful information from its attorneys. For instance, bank records should have been consulted to determine whether Better Homes was involved in the transactions at issue, and if Better Home did not still possess the records, it could have sought them from its banks. Better Homes should have made an effort to review the records of its codefendant, Madison Home Equities, who had a longstanding business relationship with Better Homes and is listed as the mortgagee in ACRIS for a number of the transactions covered by Requests 10, 12, 13, and 17. *See, e.g., T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997); *Al-Jundi v. Rockefeller*, 91 F.R.D. 590, 593-94 (W.D.N.Y.1981) (reasonable inquiry includes inquiry from co-defendants and parties with parallel interests). The records available on-line on ACRIS also revealed the names of grantors, typically referees in foreclosure, who could have been contacted in an effort to develop more information. The court files where the foreclosure proceedings were brought were also available to Better Homes to enable it to obtain the reports of the referees and other relevant documents. All of this information should have been reviewed

and used by Eric Fessler to refresh his recollection regarding his company's practices generally and its involvement in transactions concerning the specific properties in Schedule B. In light of the fact that Better Homes claims to have destroyed all of its own records concerning the transactions and the properties identified in Schedule B, the court has no difficulty concluding that these efforts should have been undertaken by Better Homes in an effort to respond properly to the plaintiffs' Requests.

As Better Homes has failed to undertake reasonable inquiries to enable it to admit or deny the requests at issue, notwithstanding that more than adequate opportunity has been provided for it to do so, Requests 10, 12, 13, and 17 are also hereby deemed admitted by Better Homes. *See, e.g., Ashford v. East Coast Express Eviction*, 245 F.R.D. 36, 37 (D.D.C. 2007); *SEC. v. Batterman*, No. 00 Civ. 4835, 2002 WL 31190171, at *6-7 (S.D.N.Y. Sept. 30, 2002).

The above rulings deeming Requests 1, 2, 5 through 10, 12, 13, and 17 to be admitted by the defendant Better Homes does not bar any future objection or motion as to the relevance and admissibility of the information covered in those requests.

          **SO ORDERED:**

          *Viktor V. Pohorelsky*

          VIKTOR V. POHORELSKY
          United States Magistrate Judge

Dated: Brooklyn, New York
       September 3, 2008