UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
M&T MORTGAGE CORPORATION,

                    Plaintiff,

    - v -

LEO WHITE, et al.,                                         CV-04-4775 (NGG)(VVP)

                    Defendants,
      and

LEO WHITE,
          Third-Party Plaintiff,
    - v -                                                  **ORDER**

BETTER HOMES DEPOT, INC., et al.,

                Third-Party Defendants.
----------------------------------------------------------------x
LINDA COUNCIL, et al.,
                Plaintiffs,
    - v -                                                  CV-04-5620 (NGG)(VVP)

BETTER HOMES DEPOT, INC., et al.,

                Defendants.
----------------------------------------------------------------x

      Leo White, the third-party plaintiff in CV-04-4775, and Linda and Kimberly Council, the plaintiffs in CV-04-5620 (collectively "the plaintiffs"), have moved for sanctions against the defendants Ackerman, Raphan & Sultzer ("ARS") and Neil Sultzer, Esq. for spoliation of evidence stemming from those defendants' disposal of files concerning transactions that may have evidentiary significance in these litigations. Counsel for the plaintiffs have made an identical motion in a related case before Judge Marilyn Go in which they represent other plaintiffs who assert claims virtually identical to those asserted here against several of the same defendants as those sued here. *See M&T Mortgage Corp. v. Miller et al. v. Better Homes Depot, Inc., et al.*, CV-02-5410 (NG)(MDG).

      After the motion was made, all of the plaintiffs here and in the related action reached a complete settlement with ARS and Sultzer, as well as various other defendants, rendering their

sanctions motion moot.  By letter dated August 13, 2008, however, they assert that the motion is not moot because they also seek sanctions against the defendant Better Homes Depot, Inc.  They argue that, based on Better Homes's assertion earlier in this litigation that the records held by ARS and Sultzer were their records, Better Homes had a duty to place a "litigation hold" on those records.  Having failed to do so, they argue, renders Better Homes responsible for their destruction.  The problem with the plaintiffs' position, however, is that their Notice of Motion here does not seek relief against Better Homes for the alleged spoliation, and aside from two very oblique references in their reply papers the plaintiffs never mentioned that they were seeking such relief during the proceedings on the motion.  Not surprisingly, Better Homes never submitted any argument concerning such relief.  Accordingly, for the persuasive reasons set forth in Judge Go's Order denying the identical motion in her case, *see Miller*, No. 02-CV-5410 (E.D.N.Y. Sept. 3, 2008) (order denying sanctions) (Dkt. Entry 273), which this court adopts in its entirety on this point, the plaintiffs' request for sanctions against Better Homes must be denied as it was never properly presented to the court.

          **SO ORDERED:**

          *Viktor V. Pohorelsky*
          VIKTOR V. POHORELSKY
          United States Magistrate Judge

Dated: Brooklyn, New York
       September 4, 2008