UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
M&T MORTGAGE CORPORATION,

       Plaintiff,

 - v -

LEO WHITE, et al.,             CV-04-4775 (NGG)(VVP)

      Defendants,
  and

LEO WHITE,

    Third-Party Plaintiff,

 - v -                 **ORDER**

BETTER HOMES DEPOT, INC., et al.,

    Third-Party Defendants.
----------------------------------------------------------------x
LINDA COUNCIL, et al.,
      Plaintiffs,

 - v -                 CV-04-5620 (NGG)(VVP)

BETTER HOMES DEPOT, INC., et al.,

      Defendants.
----------------------------------------------------------------x

    Better Homes Depot, Inc. and Eric Fessler (collectively herein "Better Homes" or "the defendants") seek reconsideration of this court's Order dated September 3, 2008 which deemed certain requests for admissions served by the third-party plaintiff Leo White and the plaintiffs Linda and Kimberly Council (collectively "plaintiffs") to be admitted because of the failure of Better Homes to undertake reasonable inquiry before asserting that they were unable to admit or deny the requests. Order, Sept. 3, 2008, at 3 (dkt. ent. 247).[1] The September 3 Order was not the first time the court had addressed the requests for admission and the defendants' inadequate responses to them. In a previous order concerning the same requests, the court had given the defendants an opportunity to amend their responses after conducting a more thorough inquiry. *See* Order, Nov. 29, 2007 (dkt. ent. 183). The defendants having failed a second time to conduct

---

[1]"Dkt. ent." refers to the number of the docket entry where the cited document may be found.

the necessary inquiry, the September 3 Order granted the plaintiffs the relief to which they are entitled.

The defendants now seek reconsideration, arguing that they should be given yet more time to conduct the necessary inquiries with respect to requests 10, 12, 13 and 17 before they are deemed admitted. These requests concern properties listed on what plaintiffs have called the Schedule B properties, which plaintiffs contend were acquired by the defendants primarily in foreclosure sales and ultimately transferred to purchasers after altering the deeds naming defendants as grantee and substituting the names of the ultimate purchasers. *See generally* Supplemental Declaration in Opposition ("Suppl. Decl.") (dkt. ent. 212). The motion is denied.

Motions for reconsideration, which are governed in general by Rule 6.3 of the Local Rules for the United States Courts for the Southern and Eastern Districts of New York, *see, e.g., Zinnamon v. Bank of New York*, Dkt. No. 06-CV-1805, 2006 WL 1652662, at *1 (E.D.N.Y. June 8, 2006), usually are granted only when the moving party offers controlling decisions or facts that the court had originally overlooked and that might reasonably be expected to alter the court's original decision. *See Shrader v. CSX Transp ., Inc.*, 70 F.3d 255, 257 (2nd Cir.1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y.1990). "A movant may not, however, 'advance new facts, issues or arguments not previously presented to the Court,' or 'reargue those issues already considered.' " *Hayles v. Advanced Travel Management Corp.*, No. 01 Civ. 10017 (BSJ), 2004 WL 117597 at *1 (S.D.N.Y. Jan. 26, 2004) (quoting *Gjoni v. Home Depot Inc.,* 99 Civ. 1849, 2002 WL 91623, *1 (S.D.N.Y. Jan. 23, 2002)). Courts have adopted this strict standard to prevent litigants from making repetitive arguments on issues that already have been considered by the court or from offering new arguments on a motion the court has already decided. *Id*. These limitations serve to ensure finality and to prevent losing parties from using motions for reconsideration as a vehicle by which they may then plug the gaps of a lost motion with additional matters. *Zoll v. Jordache Enterprises Inc.*, No. 01 Civ. 1339, 2003 WL 1964054, at *2 (S.D.N.Y. April 24, 2003), *quoting Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y.1988).

The defendants have not identified any controlling decisions or facts that the court overlooked in reaching its decision. Rather, they argue that they should be given additional time to seek out and review the sources of information which, as noted by the court in the September

3 order, they could have consulted before serving their amended responses. They contend that they should be given the opportunity to do so now, since the court had not suggested those sources in its November 29, 2007 order, which denied the plaintiffs' first motion to deem the requests at issue admitted. That premise is not entirely correct. In that earlier order, the court granted the defendants additional time to amend their responses "after reviewing the records of their attorneys *and any other reasonably available documents.*" Order, Nov. 29, 2007, at 4 (emphasis added). Those additional sources – bank records, records of their codefendant Madison Home Equities, Inc., records of foreclosure referees, and court documents – were all discussed at a hearing in April 2008, both in the context of this motion and plaintiffs' other motion for sanctions against the moving defendants' attorneys for allegedly destroying certain records. See Hearing Tr., Apr. 3, 2008, at 47-61; 95-98; see generally *id*. at 66-98 (dkt. ent. 232). Thus, to the extent that the defendants claim they were ignorant of or overlooked the availability of those additional sources of information, they could have asked for additional time at that point to amend their responses once they were apprised that those records constituted available sources of information. They did not do so and instead argued at the hearing and in counsel's post hearing submission that responding to the requests would be burdensome and that the properties on the Schedule B list as to which admissions were not all transferred by a referee, as claimed by plaintiffs. See Hearing Tr., Apr. 3, 2008 at 71-72, 83-87; Suppl. Decl. (dkt. ent. 212).

However, the admissions as to each Schedule B property that plaintiffs seek involve very limited information: whether defendants acquired title, submitted a deed for recording, entered into a contract of sale and executed a deed for the properties. As this Court previously noted, defendants should have had records concerning the business transactions in which they were involved. Order, Nov. 29, 2007, at 4-5. Were defendants to have such records, the discrete information sought in the requests would be readily available. Counsel for defendants mentions he actually looked at some other public sources as part of his "small sampling" of six Schedule B properties. However, he did so only to support his challenge to how plaintiffs created the Schedule B list. *See* Hearing Tr. at 86-91; Suppl. Decl. at 8-9. Defendants did not even attempt to supplement responses to their requests to admit as to these specific properties which counsel did examine.

The defendants' failure to seek more time to respond to the requests or to make *any* attempt to supplement responses as to even one property undercuts any sympathetic consideration of their request for more time now, given that discovery is complete and motion practice has begun.

For the foregoing reasons, the motion for reconsideration is denied.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
November 6, 2008