```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
M&T MORTGAGE CORP.,

                Plaintiff,

        -against-

LEO WHITE et al.,                                    04-CV-4775 (NGG) (VVP)

                Defendants.

        and

LEO WHITE,

                Third-Party Plaintiff,
                                                     **MEMORANDUM AND**
        against                                      **ORDER**

BETTER HOMES DEPOT, INC., et al.,

                Third-Party Defendants.
------------------------------------------------------------------x

LINDA COUNCIL and KIMBERLY COUNCIL,

                Plaintiffs,

        -against-                                    04-CV-5620 (NGG) (VVP)

BETTER HOMES DEPOT, INC., et al.,

                Defendants.
------------------------------------------------------------------x
```

NICHOLAS G. GARAUFIS, United States District Judge.

In both of the above-captioned cases, the court "so ordered" Stipulations of Dismissal with Prejudice (the "Stipulations") dismissing certain Defendants and/or Third-Party Defendants

1

(the "Settling Defendants"). (Order on Stipulation of Dismissal with Prejudice dated August 19, 2008, Docket Entry #267, No. 04-CV-5620; Order on Stipulation of Dismissal with Prejudice dated August 22, 2008, Docket Entry #239, No. 04-CV-4775.) Paragon Abstract, Inc. ("Paragon"), Better Homes Depot, Inc. and Eric Fessler (the "Better Homes Defendants"), and Madison Home Equities ("Madison"), collectively, "Non-Settling Defendants," wrote to the court seeking clarification as to the effect of the Stipulations to which they were not parties; counsel for Leo White, Linda and Kimberly Council, and Cedric and Elizabeth Miller (collectively, "Plaintiffs"), filed letters in response. (See Docket Entries #279, 283, 285, 286, No. 04-CV-5620; Docket Entries #246, 249, 252, 253, 254, No. 04-CV-4775.) Following a conference on September 10, 2008, at which the court directed the parties to file a letter regarding the status of the Non-Settling Defendants, Plaintiffs' counsel submitted a letter explaining Plaintiffs' understanding of the Settlement Agreement and General Releases ("Settlement") that formed the basis for the Stipulations. (Docket Entry #258, No. 04-CV-4775; Docket Entry #290, No. 04-CV-5620.) The court construes the Non-Settling Defendants' submissions as motions seeking either: (1) to dismiss the Non-Settling Defendants, or (2) to rescind or modify the court's orders in which it "so ordered" the Stipulations on August 19 and 22, 2008, with respect to cross-claims against the Settling Defendants. For the reasons that follow, the motions are denied.

I.  **DISCUSSION**

Paragon, one of the Non-Settling Defendants, asserts that its only potential liability is vicarious liability arising from the alleged activities of one of the settling parties, so that the Stipulation dismissing that party from the case has effectively dismissed all claims against

2

Paragon as well. (See Letter from Paragon dated Sept. 3, 2008.) In the alternative, Paragon requests that the court state that the settling parties are still in the case to the extent that Paragon has asserted cross-claims against them. (Id.) The Better Homes Defendants and Madison similarly request that the court specify that their cross-claims against the Settling Defendants were not affected by the Stipulations and that the Settling Defendants are still in the action to the extent that the Non-Settling Defendants have asserted cross-claims against them. (See Letter from Better Homes Defendants dated Sept. 4, 2008; Letter from Madison dated Sept. 9, 2008.) As noted above, the court construes these letters as motions either to dismiss the Non-Settling Defendants from the case or to rescind or modify the court's orders in which it "so ordered" the Stipulations on August 19 and 22, 2008, because, they assert, their cross-claims against the Settling Defendants remain.

First, the court declines Paragon's invitation to dismiss Paragon from the action simply because Paragon asserts that its only liability is vicarious liability arising from the alleged activities of one of the Settling Defendants. The court has made no determination as to Paragon's liability, vicarious or otherwise.

The court now turns to the Non-Settling Defendants' motion to rescind or modify the court's orders "so ordering" the Stipulations. The language of each Stipulation provides that "the above-entitled third-party action, including all claims and cross-claims, are [sic] dismissed with prejudice" only with respect to the Settling Defendants. (Order on Stipulation of Dismissal with Prejudice dated August 19, 2008, Docket Entry #267, No. 04-CV-5620; Order on Stipulation of Dismissal with Prejudice dated August 22, 2008, Docket Entry #239, No. 04-CV-4775.)

Plaintiffs assert that under the Section 15-108 of the New York General Obligations Law,

3

such cross-claims against the Settling Defendants are barred. (Letter from Plaintiffs dated Sept. 19, 2008, Docket Entry #290, No. 04-CV-5620; Docket Entry #258, No. 04-CV-4775.) Section 15-108(b) provides that: "A release given in good faith by the injured person to one tortfeasor as provided in subdivision (a) relieves him from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules." N.Y. Gen. Oblig. L. § 15-108(b). Plaintiffs contend that this rule applies in federal cases where a defendant asserts a cross-claim against a settling co-defendant for contribution. See, e.g., In re Sept. 11 Litig., No. 21-MC-97, 2007 WL 2947428, at *1 (S.D.N.Y. Oct. 9, 2007) ("§ 15-108 releases the settling defendants from any claimed contribution from the non-settling defendants should the settlement be approved.").

Plaintiffs note, however, that Paragraph 17 of the Settlement Agreements between the parties who signed the Stipulations specifically addresses the cross-claims of non-settling parties against the Settling Defendants. (Letter from Plaintiffs dated Sept. 19, 2008.) In Paragraph 17 of the Settlement Agreements, Plaintiffs agree that if any of the non-settling parties are successful in any claim against any Settling Defendant, such award will reduce the recovery, if any, by the plaintiffs at trial. (Id.) Specifically, Paragraph 17 provides that the Plaintiffs "agree to indemnify, defend and hold harmless the Settling Defendants . . . from and against any present and/or future claims, cross-claims or third-party claims by the non-settling parties . . . ." (Id.) Paragraph 17 further states that "[t]he intent is that under no circumstances will Settling Defendants have to expend any money or be liable for any judgment in a lawsuit by Plaintiffs or the non-settling defendants . . . ." (Id.) Plaintiffs' position is thus that "applicable New York law and the provisions of Paragraph 17 protect the rights of the non-settling parties by permitting

4

them to assert defensively against Plaintiffs the cross-claims they may have against the Settling Defendants. To the extent the non-settling parties are successful in proving those cross-claims any recovery by Plaintiffs will be reduced dollar for dollar." (Id.)

While the language of Section 15-108 applies by its terms to "tortfeasors," the Second Circuit has noted that "Section 15-108 applies to actions brought under federal statutes in New York." Getty Petroleum Corp. v. Island Transp. Corp., 862 F.2d 10, 15 (2d Cir. 1988) (applying Section 15-508 to trademark infringement claims under federal and state statutes); see First Fed. Sav. & Loan v. Oppenheim, Appel, Dixon & Co., 631 F. Supp. 1029, 1036 (S.D.N.Y.1986) (applying Section 15-108 to federal securities claims); City of New York v. Black & Veatch, No. 95-CV-1299 (LAP), 1997 WL 624985, at *7 n.4 (S.D.N.Y. Oct. 6, 1997) (noting that "[w]hile § 15-108 makes specific reference to 'tortfeasors', the statute is 'applicable to any litigation in which a CPLR right of contribution arises . . . . . It is applicable to any situation in which two or more persons can be held liable for causing the same injury."); cf. Highland Capital Management, L.P. v. Schneider, 2008 WL 3884363 (S.D.N.Y. Aug. 20, 2008) (finding Section 15-108 inapplicable where the parties "only asserted contract claims."). The court concludes that Section 15-108 is applicable here and bars claims against the Settling Defendants for contribution. N.Y. Gen. Oblig. L. § 15-108(b); see, e.g., Sherleigh Associates, Inc. v. Patron Systems, Inc., No. 04-CV-907 (JFK), 2005 WL 1902844, at *2 (S.D.N.Y. Aug. 9, 2005) (noting that under Section 15-108, "non-settling defendants cannot bring contribution claims against settling defendants").

Paragon asserts that any liability is purely vicarious and that it seeks indemnification, as opposed to contribution, from one of the Settling Defendants; the Better Homes Defendants

5

similarly assert that they are seeking indemnification, and Madison simply asserts that it has "cross-claims." It is well-settled that a party is only entitled to indemnification if it is merely vicariously liable for the wrong of another. King v. Andax Construction Corp., No. 02-CV-582 (SLT) (WDW), 2007 WL 2582103, at *11 (E.D.N.Y. Sept. 5, 2007). Indemnification is not available where the party seeking indemnification was "partially at fault" or "responsible to any degree." See Intellisec v. Firecon, Inc., No. 00-CV-3557 (ILG), 2001 WL 218940, at *14 (E.D.N.Y. Feb. 1, 2001). Section 15-108 does not relieve the Settling Defendants from liability for indemnification. See, e.g., Sherleigh Associates, 2005 WL 1902844 at *3 (citing cases and noting that "[t]he Court of Appeals of New York has held that § 15-108 does not preclude indemnification claims between settling and non-settling parties."). While the court takes no position at this time as to whether any of the non-settling Defendants has a viable indemnification claim against the Settling Defendants, it is clear that any such claim would not be barred by Section 15-108.

While Section 15-108 bars claims for contribution but not claims for indemnification, however, even claims for indemnification against the Settling Defendants would appear to be barred by the exceedingly broad language of the Stipulations of Dismissal with Prejudice, which refers to "all claims and cross-claims" against the Settling Defendants. While such language appears to leave the non-Settling Defendants asserting indemnification claims against the Settling Defendants without recourse, as noted above, Paragraph 17 of the Settlement Agreements states that the Plaintiffs have agreed to indemnify and defend the Settling Defendants from all claims against them. Thus, to the extent that the Better Homes Defendants, Paragon, and any other non-settling parties have claims against the Settling Defendants, they may now assert such claims

6

defensively against Plaintiffs, who are obligated to defend those claims. If the Non-Settling Defendants are ultimately successful in proving such claims, any recovery by Plaintiffs will be reduced.[1] The court therefore declines to rescind or modify its orders in which it "so ordered" the Stipulations dismissing the Settling Defendants from these actions.

## II. CONCLUSION

For the foregoing reasons, the Non-Settling Defendants' motions are DENIED.

SO ORDERED.

Dated: April 10, 2009
Brooklyn, N.Y.

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge

---

[1] Following the parties' submissions to the court regarding the court's "so ordering" of the Stipulations of Dismissal with Prejudice, M&T Mortgage Corporation, the original Plaintiff in No. 04-CV-4775, and Leo White, the original Defendant and Third-Party Plaintiff in that action, have settled their claims against each other, resulting in a separate Stipulation of Dismissal, so ordered by the court on December 12, 2008. (Docket Entry #278, No. 04-CV-4775.) This Order does not relate to the effect, if any, of that Stipulation of Dismissal on other parties.

7