UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
M&T MORTGAGE CORPORATION,

      Plaintiff,

 - v -

LEO WHITE, et al.,               CV-04-4775 (WFK)(VVP)

      Defendants,
  and

LEO WHITE,

    Third-Party Plaintiff,

 - v -                   **REPORT AND**
                       **RECOMMENDATION**

BETTER HOMES DEPOT, INC., et al.,

    Third-Party Defendants.
-------------------------------------------------------------x
LINDA COUNCIL, et al.,

    Plaintiffs,

 - v -                   CV-04-5620 (WFK)(VVP)

BETTER HOMES DEPOT, INC., et al.,

      Defendants.
-------------------------------------------------------------x

    The third-party plaintiff Leo White in CV-04-4775 and the plaintiffs Linda and Kimberly Council in CV-04-5620 have moved to consolidate these two actions for trial pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, and the defendants/third-party defendants Better Homes Depot, Inc., Eric Fessler, Madison Home Equities and Nadine Malone have filed opposition to the motion. The cases were previously consolidated for purposes of discovery, and are now in the final stages of pretrial preparation, lacking only a final joint pretrial order which the parties are now preparing. The motion to consolidate was referred to me by Judge Garaufis[1] for a report and recommendation.

---

  [1]The case has since been reassigned to Judge Kuntz.

Consolidation of actions under Rule 42(a) may be ordered if they involve a common question of law or fact. The decision to consolidate is left to the sound discretion of the district court. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). Typically, considerations of judicial economy favor consolidation, but "the benefits of efficiency can never be purchased at the cost of fairness." *Malcolm v. National Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993). The Second Circuit has articulated the following guidelines for determining the issue:

> "[W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives."

*Celotex Corp.*, 899 F.2d at 1285 (alteration in original) (*quoting Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir.1985) (citation omitted)); *accord, e.g., Lia v. Saporito*, Nos. 11–CV–3621, 11–CV–4144, 2011 WL 6131565, at *7 (E.D.N.Y. Dec. 7, 2011); *Doe v. Village of Saugerties*, Nos. 07-CV-228, 07-CV-243, 07-CV-245, 07-CV-505, 2007 WL 1814682, 2 (N.D.N.Y. June 18, 2007). The court should also consider the extent to which cautionary jury instructions and other procedural devices may ameliorate the dangers of prejudice and confusion. *See Celotex*, 899 F.2d at 1285.

There is no dispute that the two cases involve common questions of both law and fact. Both cases involve essentially identical claims of racial discrimination, fraud and deceptive business practices arising from the sales of homes to the two sets of plaintiffs. The various defendants who remain in the action each played the same roles in connection with those sales, and the allegations by the plaintiffs in both cases allege the same common scheme by the defendants, acting together, to defraud and otherwise take advantage of their lack of sophistication as buyers.

An examination of the initial proposed joint pretrial order that was recently submitted by the parties in connection with these cases reveals that the evidence that will be offered in support of both sets of plaintiffs' claims will be substantially identical. In order to

demonstrate the existence of the defendants' pattern and practice of discrimination and their common scheme to defraud, the plaintiffs in both cases intend to call each other as witnesses, as well as numerous other buyers who bought homes in transactions arranged by and through the defendants. Other fact witnesses, although not identical in all respects, will overlap as well. The experts who will be called to establish the plaintiffs' claims in both case are also the same. The savings in time and money that would be achieved by consolidating the cases in a single trial is therefore obvious since it would eliminate the need to conduct essentially two trials with much of the same evidence.

Consolidation would pose no significant risk of confusion or unfairness to the defendants. The issues concerning the existence of a pattern and practice of discrimination and of a common scheme to defraud will be identical, eliminating any risk of confusion or conflicting verdicts on those common issues. Whether the individual plaintiffs themselves were victims of any such misconduct will, of course, depend on the specific proof concerning each of them. But the danger of confusion as to that is not high since there are only two sets of transactions for the jury to examine on that score, one involving the third-party plaintiff Leo White and the other involving the plaintiffs Kimberly and Linda Council. Cautionary jury instructions that direct the jury to consider each of the sets of plaintiffs separately, together with carefully drafted verdict sheets, can overcome any risk of prejudice and confusion that may arise because of differences between the two sets of plaintiffs.

The factors favoring consolidation overwhelm any opposing considerations. I therefore recommend that these actions be consolidated for trial.

\*          \*          \*          \*          \*          \*

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985); *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2nd Cir. 2002); *IUE AFL-CIO Pension*

*Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of Health and Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

    Respectfully Recommended:

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:    Brooklyn, New York
           February 14, 2012