UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LEO WHITE,

                Third-Party Plaintiff,  **MEMORANDUM & ORDER**

      v.

BETTER HOMES DEPOT, INC., MADISON HOME     04-CV-4775 (MKB)
EQUITIES, INC., ERIC FESSLER.
individually and as President of Better Homes Depot, Inc.,
GLENN JOHN, MADISON HOME EQUITIES, INC.,
NADINE MALONE, individually and as President of
Madison Home Equities, Inc., MICHAEL RINDENOW,
PAULA C. YEAGER, NEAL H. SULTZER, ESQ.,
ACKERMAN, RAPHAN & SULTZER, PARAGON
ABSTRACT, INC., GAIL S. ZUCKER, CLA, INC.,
CHRISTOPHER LIANO, ROBERT DOSCH, C. PETER
DAVID, ESQ., and THE UNITED STATES DEPT. OF
HOUSING AND URBAN DEVELOPMENT,

                Third-Party Defendants.
------------------------------------------------------------------x
LINDA COUNCIL and KIMBERLY COUNCIL,

                Plaintiffs,

      v.

BETTER HOMES DEPOT, INC., ERIC FESSLER,     04-CV-5620 (MKB)
individually and as President of Better Homes Depot, Inc.,
MADISON HOME EQUITIES, INC., NADINE MALONE,
individually and as President of Madison Home Equities,
Inc., STEPHEN F. WEINSTOCK, ESQ., PAULA C.
YEAGER, NEAL H. SULTZER, ESQ., ACKERMAN,
RAPHAN & SULTZER, PARAGON ABSTRACT, INC.,
GAIL S. ZUCKER, CLA, INC., CHRISTOPHER LIANO,
ROBERT DOSCH, JOHN DOE, XYZ CORPORATION,
STEVE ROE, CHASE MORTGAGE COMPANY WEST,
and THE UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,

                Defendants.
------------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

Plaintiffs Linda Council and Kimberly Council and Third-Party Plaintiff Leo White (collectively, "Plaintiffs") and Defendant and Third-Party Defendant Paragon Abstract, Inc. ("Paragon") filed a motion to dismiss Plaintiffs' claims against Paragon, all cross-claims asserted against Paragon and all cross-claims asserted by Paragon pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendants Better Homes Depot, Inc., Eric Fessler, Madison Home Equities, Inc. and Nadine Malone (collectively, "Defendants") have no objection to the dismissal of Plaintiffs' claims against Paragon but have not consented to the dismissal of their cross-claims against Paragon ("Paragon cross-claims").

Rule 41(a)(2) provides, in relevant part, that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision to grant dismissal under Rule 41(a)(2) is left to the discretion of the district court. *United States v. Cathcart*, 291 Fed. App'x 360, 361 (2d Cir. 2008). In the instant case, Defendants do not object to the dismissal of Paragon from this action but seek to preserve their rights to pursue their cross-claims against Paragon at trial. (Def. Opp'n 2.) Specifically, Defendants ask that (1) Defendants be allowed to assert their Paragon cross-claims against Plaintiffs at the time of trial; (2) to the extent Defendants are successful in proving their cross-claims against Paragon any recovery by Plaintiffs be reduced dollar for dollar; and (3) Paragon, as well as any other settling defendant, be listed as a defendant on the verdict sheet so that the jury can apportion fault and damages. *Id.* Plaintiffs agree that Defendants should be permitted to "argue that 'the empty chair' (i.e., the chair Paragon would be sitting in if it remained in the case) should be held liable for some or all of the plaintiffs' injuries" and are entitled to have any award of damages "set-off in an amount that is the greater of (a) the amount of damages a jury

attributes to Paragon or (b) the amount Paragon paid to settle with Plaintiffs." (Pl. Reply. 1.) Furthermore, Plaintiffs do not object to the Court listing each defendant, including the defendants that have settled and been dismissed, on the verdict sheet. *Id.* at 2. Therefore, the only disputed issue is whether Defendants should be allowed to assert their Paragon cross-claims against Plaintiffs. Defendants have no right to assert their Paragon cross-claims against Plaintiffs at trial. Defendants' rights will be fully preserved by their ability to argue Paragon's liability at trial and have any award of damages reduced, at a minimum, by the amount Paragon paid to settle with Plaintiffs. Accordingly, Defendants' request to assert their Paragon cross-claims against Plaintiffs at trial is denied.

Plaintiffs' and Paragon's joint motion to dismiss Paragon with prejudice is granted. Defendants will be permitted to argue Paragon's liability at trial, and the Court will list all defendants, including those defendants that have settled or been dismissed, on the verdict sheet.

SO ORDERED:
s/MKB

MARGO K. BRODIE
United States District Judge

Dated: August 17, 2012
       Brooklyn, New York

3